**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ERIC BOWERS,<br><br>    Plaintiff,<br><br>v.<br><br>BANKS & ASSOCIATES, LLC d/b/a BANKS LEGAL OFFICE<br><br>Serve at:<br>Richard E. Banks, Registered Agent<br>1824 Chouteau Avenue<br>St. Louis, MO 63103<br><br>and<br><br>RICHARD E. BANKS<br><br>Serve at:<br>1824 Chouteau Avenue<br>St. Louis, MO 63103<br><br>    Defendants. | **JURY TRIAL DEMANDED**<br><br><br>Case No. 4:21-cv-11 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Bowers"), by and through his undersigned counsel, and hereby states for his Complaint against defendants Banks & Associates, LLC d/b/a Banks Legal Office ("Banks Legal") and Richard E. Banks ("Banks" and collectively referred to herein with Banks Legal as "Defendants") as follows:

## SUMMARY OF THE ACTION AND PARTIES

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas.

3. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in various metro areas throughout the Midwest, including subjects in St. Louis, Missouri. Plaintiff's portfolio was years in the making.

4. In particular, the Work depicts the iconic corridor in downtown St. Louis from the Old Courthouse in the foreground to the St. Louis Gateway Arch National Park in the background.

5. To create the Work, Plaintiff used professional-grade photography and editing equipment and software that he purchased for thousands of dollars.

6. To create the Work, Plaintiff invested many hours of his professional time. Plaintiff painstakingly edited the Work to create the "shimmer and shadow" visual effects that appear in the work.

7. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8. Defendant Banks Legal is a Missouri corporation with its principal place of business inside of Missouri.

9. Upon information and belief, Defendant Banks is a Missouri resident.

2

10. At all times relevant, Defendant Banks owned, controlled, and/or operated Banks Legal, which is located at 1824 Chouteau Avenue in St. Louis, MO. *See* **Exhibit 1**, from Defendant Banks Legal's website.

11. Upon information and belief, Defendants copied Plaintiff's copyrighted Work from the internet in order to nationally advertise, market and promote its business activities across Missouri, including St. Louis, Missouri.

12. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in Missouri because Banks Legal can be found at its location in St. Louis, Missouri within this District; Banks also resides or can be found within this district. Defendants are subject to personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work depicting the St. Louis metro area to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in St. Louis, Missouri in this District. Upon information and belief, Defendants engaged in infringement in this District, and Defendants are subject to personal jurisdiction in this District and reside or can be found in this District.

**THE COPYRIGHTED WORK AT ISSUE**

17. In or about 2017, Plaintiff created a photograph entitled "saintlouis-17_2696371195_o", which is shown below and referred to throughout as the "Work."



18. Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

19. ImageRights helped Plaintiff to register the Work with the Register of Copyrights on September 12, 2017 and Plaintiff's Work was assigned the registration number "VA 2-068-762." The Certificate of Registration for the Work is attached hereto as **Exhibit 2** and incorporated herein by reference.

20. The Work is an artistic rendering. To create the Work, Plaintiff took a series of photographs of the iconic downtown St. Louis corridor from the Old Courthouse to the Gateway

4

Arch and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

21.     At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

22.     Defendants have never been licensed to use the Work at issue in this action for any purpose.

23.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

24.     Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

25.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

26.     Specifically, Defendants placed the Work on "www.bankslegaloffice.com" (the "Website"), a website that Defendants owned, controlled, and operated.

27.     Defendants display of the Work was repeated and continuous, and thousands of customers and potential customers viewed the Work on Defendants' website.

28.     Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 3** and **Exhibit 4** from Defendant's Website.

29.     Defendants displayed the Work to market their business.

30.     Defendants displayed the work beginning in July of 2019.

31.     ImageRights noticed that Defendants appeared to be using the Work on Defendants' Website and made Plaintiff aware of Defendants potentially unauthorized use of the

5

Work.  Plaintiff thereafter carefully inspected Defendants' Website and verified the use of the Work.

32. Defendant's display of the Work is captured on their website in the following screenshot:



33. Plaintiff determined that this was his Work and that Defendants did not have any license or permission to use the Work.

34. Defendants copied and distributed Bowers' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

35. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or a trade secret.

36. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

37. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

38. Plaintiff first notified Defendants in writing of the allegations set forth herein on October 15, 2020. Plaintiff sent additional notices on October 26, November 2, and November 11.

39. Plaintiff has attempted to settle this matter amicably and for a minimum of expense and on the multiple occasions identified above with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

40. Defendants have refused to make any attempt to settle this matter with Plaintiff.

41. The foregoing refusal to remove the photograph even after multiple notifications of Defendants' infringement demonstrates that Defendants' infringement is willful and malicious.

42. Plaintiff has now engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

43. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

44. Plaintiff owns a valid copyright in the Work at issue in this case.

45. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

47. Defendants performed the acts alleged in the course and scope of its business activities.

48. Plaintiff has been damaged.

49. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendants such that:

    a.    Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b.    Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

    c.    Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

    d.    Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____
Richard A. Voytas, Jr., #52046 MO
rick@rossvoytas.com
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorney for Plaintiff Eric Bowers